UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF LUHR BROTHERS, INC. | CIVIL ACTION<br><br>NO:  05-1434 c/w<br>       05-1897<br><br>SECTION: "J"(4) |

ORDER

Before the Court is **United States of America's Memorandum in Support of Its Motion for Expedited Hearing on a Motion to Quash Subpoena (doc. # 121)** filed by a claimant, the United States seeking to quash a trial subpoena served on Lieutenant Jeffrey Caubarreaux, United States Coast Guard Reserve.  The motion to expedite is granted.

The Court now turns to the underlying **United States of America's Motion to Quash Subpoena (doc. #121-4)**.

I.     **Background**

Luhr filed this limitation of liability claim pursuant to 46 U.S.C. § 181, et seq. on May 18, 2006.  According to the complaint, four barges belonging to Luhr were moored on the Red River near Alexandria, Louisiana on December 6, 2004 .  At some point, the M/V John C. Terral, owned and operated by Terral River Services, Inc., moved the four barges to another location near Luhr's

facility and re-moored them to a fifth barge belonging to Luhr. The complaint also alleges that personnel aboard the M/V John Terrrel represented to persons working at the yard that they would move Luhr's barges back to their original location.

During the night of December 6, 2004, the five Luhr barges somehow became unmoored and struck the John Overton Lock and Dam number 2. Luhr alleges that the personnel aboard the M/V John Terral were the last persons to touch its barges. It also filed a third-party complaint against Terral River Services.

In its answer, Terral admitted to moving the barges, but alleged that it moved the barges at the direction of Luhr. The United States and other claimants then filed claims against Luhr seeking recovery and indemnification for damages caused by the barge. All of these claimants, including the United States, have settled. The remaining parties are scheduled to proceed to trial on March 19, 2007.

On February 21, 2007, Lt. Caubarreaux was served with a subpoena to appear at the trial on March 19, 2007.[1] The subpoena was issued by the Eastern District of Louisiana and signed by Heath S. Douglas. After the return was filed into the record, the United States filed the subject motion to quash the subpoena.

## II.     Standard of Review

Rule 45 provides that a Court shall quash or modify a subpoena if it fails to allow reasonable time for compliance, requires a non-party to travel more than 100 miles from the where he resides or transacts business, subject to a certain state-wide exception, requires the disclosure of privilege or other protected matter, or subjects a person to an undue burden. FED. R. CIV. P. 45(c)(3)(A)(i)-

---

[1] Lt. Caubarreaux investigated the accident while on active status with the Coast Guard. He is no longer on active status.

(iv). In addition, the United States has promulgated certain regulations in accordance with *United States ex rel Touhy v. Ragen* outlining how a United States employee or former employee can be noticed in litigation arising out of or involving the performance of their official activities. *See* 340 U.S. 462 (1951).

### III.     Analysis

The United States contends that the subpoena is not valid because the issuing attorney is not admitted to practice before this Court. It contends that because the subpoena is not proper, it should be quashed.[2]

Under Federal Rule of Civil Procedure 45:

> [t]he clerk shall issue a subpoena, signed but otherwise in blank, to a party requesting it, who shall complete it before service. An attorney as officer of the court may also issue and sign a subpoena on behalf of
>
>> (A) a court in which the attorney is authorized to practice; or
>>
>> (B) a court for a district in which a deposition or production is compelled by the subpoena, if the deposition or production pertains to an action pending in a court in which the attorney is authorized to practice.

The subpoena is not signed by the Clerk of Court so the Court must determine whether it is otherwise signed by an attorney as officer of the Court that issued the subpoena.

In this case, the subpoena is signed by Heath S. Douglas. However, a review of the records of those attorneys permitted to practice in this Court reveals that Douglas is not authorized to practice in the Eastern District of Louisiana, and therefore he is not an officer of the Eastern District. Douglas is licensed to practice in Mississippi, the Fifth Circuit, and the Northern District of Mississippi.

---

[2]The United States offers three other arguments in support of its contention that the motion to quash should be granted, however, because the Court grants the motion on procedural grounds, it does not address the remaining arguments.

As the rule makes clear, "[i]n order to issue the subpoena, the attorney must be admitted to practice in the district in which the action is pending." Charles Alan Wright & Arthur Miller, *Federal Practice and Procedure* § 2453. Here, the subpoena was not signed by an officer of the Court and therefore does not comply with Rule 45. Thus, because the subpoena is not valid on its face, the subpoena cannot be an enforceable mandate of the Court. See *Calabro v. Stone*, 224 F.R.D. 532, 533 (E.D. N.Y. 2004) (noting that a valid attorney signed subpoena is an enforceable mandate of the Court).

Accordingly,

**IT IS ORDERED THAT** the **United States of America's Memorandum in Support of Its Motion for Expedited Hearing on a Motion to Quash Subpoena (doc. # 121) is GRANTED.**

**IT IS FURTHER ORDERED THAT** the **United States of America's Motion to Quash Subpoena (doc. #123-4)**is **GRANTED**.

New Orleans, Louisiana, this   7th   day of March 2007

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**